JUAN JOSÉ GERARDINO, Plaintiff and Appellant, v. THE PEOPLE OF PUERTO RICO, Defendant and Appellee.

No. 7602. Argued April 19, 1939.—Decided January 16, 1940.

*Fernando Zapater,* for appellant. *Benigno Fernández García, Attorney General,* and *R. García Cintrón, Assistant Attorney General,* for defendant.

Mr. Justice Travieso delivered the opinion of the Court.

This is a case for the revendication of a lot having 1,965 square meters situated in the Ward Segundo of the City of Ponce, Puerto Rico. Complainant alleges that he acquired said property on April 28, 1928, by purchase from Elisa Vidal widow of Salinas. In the complaint a chain of recorded titles is alleged as follows: On December 27, 1877, Trinidad Beltrán sold to Eugenio Chardón and on March 26, 1895, the heirs of Chardón sold to Luis Román Beltrán a property of three cuerdas, that is, 11,791 square meters; On November 16, 1895, Luis Román Beltrán segregated the lot in question and sold it to Filomena Pacheco; on September 10, 1897, Filomena Pacheco sold it to Ulises García Fraberi; the latter conveyed it on March 9, 1900, to Eusebio Salinas and on September 9, 1902, Salinas sold it to Gerónimo Anguera and wife; and these conveyed it to Elisa Vidal on April 27, 1903, from whom the plaintiff says he acquired it.

The plaintiff also alleges that from the farm of three *cuerdas* that the Heirs of Chardón sold to Beltrán, four segregations were made of a total of 6,009.64 square meters, one of them being the lot of 1,956 square meters claimed by the plaintiff. That after said segregations, the principal property was reduced to 5,698 square meters.

The plaintiff continued alleging that The People of Puerto Rico is the owner of a lot of 2,965.769 square meters which it acquired by intestate inheritance from Francisco Dávila Rey, which lot comes from the remainder of 5,698.167 square meters to which the principal farm which originally belonged to Luis Román Beltrán was reduced after the aforesaid segregations were made; that the defendant pretends to hold the title to the lot property of the plaintiff; that the latter's

title is previous in date and recording to that of The People of Puerto Rico and to its predecessor in title; that the title of the defendant does not correspond to the lot described in the complaint; and that based on that title, the defendant. has taken possession of the immovable causing its only owner, the plaintiff, prejudice.

In its answer, the defendant alleged that it is the owner of the lot in question because it acquired said property through inheritance by judgment of the District Court of Ponce rendered on July 6, 1921, by which it declared The People of Puerto Rico sole and universal heir *ab intestato* of Francisco Dávila Rey, and that by virtue of said judgment, the defendant recorded in its name a property which is the same as that described by the plaintiff in his complaint; it denied that the defendant had acquired the lot which he describes in the complaint by purchase from Elisa Vidal, alleging on the contrary that the farm that said plaintiff acquired on April 28, 1928, from said lady is not the same either in regard to boundaries or to superficial area as the farm that the plaintiff claims. The defendant also alleged that the segregation and sale made by Luis Román Beltrán in favor of Filomena Pacheco, from whom the plaintiff derives his title, does not refer to the farm of which The People of Puerto Rico is owner and possessor but to another parcel that the plaintiff acquired from Mrs. Vidal widow of Salinas; and it denies that plaintiff's alleged title is previous in date and recording to the title which defendant holds.

The case went to trial and on February 24, 1936, the District Court of Ponce rendered jugment dismissing the complaint. The basis of said judgment may be summarized as follows: (a) the plaintiff did not prove during the trial the title and identity of the property claimed; (b) the evidence of the witnesses offered by the plaintiff to identify the property claimed was contradicted by witnesses of the defendant "who have shown that they are in a better position than the

witnesses of the plaintiff to know the facts about which they testify'', which circumstance forced the court to decide the conflict in the evidence in favor of the defendant; and (c) from the documentary evidence there appear serious discrepancies between the description of the farm made in the alleged title of the plaintiff and the description found in the registry.

The plaintiff has filed this appeal in which the only error which he assigns to the lower court is that it decided that the plaintiff had not proven the identity of the property. In order to decide the alleged error, we have been forced to make a complete study not only of the documentary evidence but of the evidence of the witnesses offered by the plaintiff to identify the property.

■■■ From the certificate issued by the Registrar of Ponce (*Exhibit* ''B'' of the plaintiff) in the first recording of property No. 3850, which plaintiff claims, the following appears:

''URBAN: Land situated in the Ward Segundo of this City, *at the continuation of Molina Street which it faces on the south,* having an area of half a *cuerda* equivalent to 19 ares, sixty-five centiares, etc.'' (Italics supplied.)

The preceding description was upheld as good and correct when the several conveyances stated in the Second to Eighth recordings, inclusive, were made.

In deed No. 26 executed before Notary Public Erasto J. Arjona Siaca on April 28, 1928, and admitted as exhibit ''A'' of the plaintiff, said property number 3850 sold by Elisa Vidal widow of Salinas, to the plaintiff Gerardino, is described according to what appears in the first recording, *supra,* but immediately said description is amended in the following manner:

''SECOND: That the true and exact description of the said property at present and correcting certain errors in its boundaries, is the following:

"URBAN: A piece of land situated in the ward Segundo of this City of Ponce, immediately following *the prolongation towards the north of Molina Street, where today it faces the east,* composed of etc." (Italics supplied.)

When said deed No. 26 was recorded (Ninth Recording) the registrar stated that: "This new description taken from the document presented, is made because it is not altogether in accord with the registry." The plaintiff has not presented any evidence to explain or justify the change made in the boundaries of the property. The defendant presented two letters in evidence, (Exhibit 6 and 7 of the defendant) written on February 16 and March 1, 1928, respectively, by Gerardino to the Commissioner of the Interior of Puerto Rico. In the first, the plaintiff asks that he be informed "whether the Government was selling the lands which belong to Mr. Dávila, who died and had no heirs and of which lands The People of Puerto Rico had taken possession since twelve or fifteen years ago." He continues stating that he is interested in buying said parcel and paying cash for it and he requests information in regard to the price. In the second, the plaintiff prays that he be informed as to who is authorized to sell the lands which belong to Dávila and the date on which the option for the lease of said lands will again take effect. Less than two months after said letters were written, deed No. 26 of April 28, 1928, was executed wherein, without stating any reasons whatsoever, the original boundaries of the property of the plaintiff are changed thereby making them correspond to the boundaries of the property of the defendant. The changes made appear more clearly as follows:

ORIGINAL BOUNDARIES:
    North: Lands of the Municipality.
    South: Molina Street.
    East: Ramón Beltrán.
    West: Gregoria Orza.
CORRECTED BOUNDARIES:
    North: Lands of the Municipality—(32.48 meters).

South: Luis Román Beltrán, at present Josefa Correa Acosta— (32.48 meters).

East: Molina Street—(70.50 meters).

West: Narciso Manescau, at present the heirs of Elías Godreau— (70.50 meters).

BOUNDARIES OF THE PROPERTY OF THE DEFENDANT:

North: Lands of the Municipality—(42.24 meters).

South: Esteban Pérez, Juana Baliñas, Pedro Chardón and Estanislao Peña—(41.378 meters).

East: Molina Street—(74.505 meters).

West: Narciso Manescau Navas, at present Arturo Godreau— (74.523 meters.)

After examining the evidence of the witnesses offered by the plaintiff, we agree with the lower court that said evidence is insufficient to prove that the property described and claimed by the plaintiff is included within the larger property possessed by the defendant, the description and boundaries of which correspond with the record in the registry. (Exhibit 2 of the defendant). In order that the suit for revendication may prosper, the plaintiff must present a title superior to that of the defendant and clearly identify the property claimed. *People v. Rojas,* 53 P.R.R.——. And as the lower court has decided the conflict in the evidence in favor of the defendant and as the evidence presented by the latter is in our opinion sufficient to uphold the allegations of its answer, the judgment appealed from must be affirmed.